**Juliet Nabaggala KAWEESA,**
**Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney**
**General, Respondent.**

**No. 05–60364.**

United States Court of Appeals,
Fifth Circuit.

Decided March 10, 2006.

Barton C. Winter, Minneapolis, MN, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Ann Carroll Varnon, John Clifford Cunningham, U.S. Department of Justice Civil Division Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Caryl G. Thompson, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, U.S. Immigration & Naturalization Service District Directors Office New Orleans, LA, for Respondent.

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Petitioner Juliet Nabaggala Kaweesa is a native and citizen of Uganda. She entered the United States on or about November 5, 2000 as a nonimmigrant with authorization to remain for a temporary period. She overstayed. She seeks review of a Board of Immigration Appeals's order denying her applications for asylum and withholding of removal. For the reasons below, we dismiss the asylum claim and deny the petition with respect to the remaining claims.

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under

## I. Background

On June 3, 2003, while in the United States, Kaweesa was served with a Notice to Appear, alleging she was removable because she remained in the country longer than permitted. At the hearing, Kaweesa admitted to the allegations contained in the Notice, and the Immigration Judge ("IJ") found her removable. She subsequently filed an asylum application on May 2, 2003—more than one year after her entry into the United States. See 8 U.S.C. § 1158(a)(2) (1997). On October 21, 2003, the IJ held a merits hearing on the asylum application. The IJ denied Kaweesa's requests for asylum and withholding of removal including relief under the Convention Against Torture ("CAT") but granted her voluntary departure.

On November 12, 2003, Kaweesa appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). She argued that the IJ erred in finding her asylum application untimely. On March 31, 2005, the BIA issued an opinion affirming and adopting the IJ's decision. The BIA found that the IJ correctly ruled that she failed to file her asylum application within one year of her last entry into the United States, citing 8 U.S.C. § 1158(a)(2) (1997) and 8 C.F.R. § 1208.4 (2004), and failed to show that extraordinary circumstances precluded a timely filing. Additionally, the BIA concurred with the IJ that Kaweesa was not entitled to withholding of removal including relief under CAT.

## II. Discussion

### A. JURISDICTION TO HEAR ASYLUM CLAIM

Kaweesa claims that the IJ and BIA erred in denying her asylum claim due to

the limited circumstances set forth in 5th Cir. R. 47.5.4.

its untimeliness. To be eligible for asylum, an alien must file, absent changed or extraordinary circumstances, an asylum application within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2). In the instant case, the BIA explicitly stated in its opinion that the IJ "was correct in pretermitting [Kaweesa's] application for asylum.... [She] failed to filed an application for asylum ... within one year of last entry, and failed to show extraordinary circumstances relating to the delay or worsened country conditions."

■ This Court lacks jurisdiction to review the asylum claim because the BIA found those claims time barred. *See* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2) [providing for exceptions, including the time bar, to an alien's right to apply for asylum]."); *see also Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir.2005) (remanding to the BIA because its affirmance without opinion left the court with "no way of knowing whether the BIA affirmed the IJ's decision on a nonreviewable basis, i.e., untimeliness, or a reviewable basis, i.e., the merits of [the] asylum claim").

## B. WITHHOLDING OF REMOVAL

### 1. Standard of Review

Because the BIA adopted and elaborated on the IJ's decision, we review both the decisions of the IJ and the BIA. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002); *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir.1997). Factual findings are reviewed for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir.2005). Under the substantial evidence standard, "reversal [of the IJ] is improper unless we decide 'not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it.'" *Id.* at 344 (quoting *Zhao v. Gonzales*,

404 F.3d 295, 306 (5th Cir.2005)). In other words, the alien bears the burden of proving the requisite compelling nature of the evidence. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir.1994).

### 2. Analysis

Before the IJ, Kaweesa claimed she would be persecuted by the Ugandan government upon return on account of her political opinion due to her husband's activities with the Allied Democratic Front ("ADF"). She also testified that she was unsure of her husband's whereabouts, believing him to be deceased, and that she had five children living with relatives in Uganda. Samuel Ndawula, a former neighbor in Uganda who now resides in the United States, testified on her behalf. The IJ found Kaweesa's story to be "fairly plausible" and noted one inconsistency regarding the duration of time she spent at an ADF training camp.

To obtain withholding of removal under the Immigration and Nationality Act, an applicant "must show that it is more likely than not that his life or freedom would be threatened by persecution" based on his political opinion, race, religion, nationality, or membership in a particular social group. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir.2002) (quotation omitted). Under CAT, the alien must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id.* at 907.

■ Kaweesa contends the BIA erred by affirming the IJ's determinations that she had not shown it was more likely than not she would be subjected to persecution or targeted for torture because of her husband's political activities if she returned to Uganda. The record reflects that Kaweesa was subjected to three interrogations by the government regarding her husband's

352

whereabouts. During the first two, government soldiers came to her home, interrogated her, and struck her. As to the third incident, she was detained overnight in military barracks with one or two dead bodies and her life was threatened. She was not physically harmed. She subsequently was released and she relocated to an ADF training camp. The camp was raided by the government, and Kaweesa and her husband escaped. During this time, though, Kaweesa held a job with the government at the Uganda Development Bank. Additionally, she was able to obtain a visa and enter and leave Uganda using her own passport without incident. The record does not compel a finding that Kaweesa more likely than not will suffer persecution upon return to Uganda. She also fails to meet the "higher bar" of showing that she will be tortured. *Id.* at 907. Accordingly, she has failed to show the BIA's decision was not supported by substantial evidence. *See Mikhael,* 115 F.3d at 302.

### III. Conclusion

This Court lacks jurisdiction to hear Kaweesa's asylum claim, and this claim therefore is DISMISSED. Substantial evidence supports the BIA's and IJ's withholding of removal determinations. Accordingly, Kaweesa's petition for review of the withholding of removal claims is DENIED.

DISMISSED in part; DENIED in part.